## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| PITTS ENTERPRISES, INC. DBA DORSEY INTERMODAL,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES,<br><br>　　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)　Court No. 24-00030<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff Pitts Enterprises, Inc. dba Dorsey Intermodal ("Pitts" or "plaintiff"), by and through counsel, alleges and states as follows:

## ADMINISTRATIVE DETERMINATION CONTESTED

1. This action seeks judicial review of certain aspects of the U.S. Department of Commerce ("Commerce" or the "Department") final scope determination on Pitts' finished chassis from Vietnam, manufactured with individual Chinese axle components and landing gear leg components, under the antidumping and countervailing duty ("AD/CVD") orders on *Certain Chassis and Subassemblies Thereof from the People's Republic of China* ("China"). *See* Memorandum from Dusten Hom, Int'l Trade Compliance Analyst, Off. I, AD/CVD Operations, to James Maeder, Deputy Assistant Secretary for AD/CVD Operations, Subject: Chassis and Subassemblies from the People's Republic of China: Final Scope Ruling on Pitts Enterprises, Inc. dba Dorsey Intermodal's Axle and Landing Gear Components (Jan. 10, 2024) ("*Final Scope Ruling*").

1

## JURISDICTION

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c), as this action is commenced under Sections 516A(a)(2)(A)(ii) and (B)(vi) of the Tariff Act of 1930, as amended ("the Act"), 19 U.S.C. §§ 1516a(a)(2)(A)(ii) and (B)(vi).

## STANDING

3.      Plaintiff is an importer of the chassis from Vietnam with Chinese axle components and landing gear leg components integrated into the chassis that the Department has held to be within the scope of the AD/CVD orders in the *Final Scope Ruling*. Therefore, plaintiff is an "interested party" within the meaning of 19 U.S.C. §§ 1516a(f)(3) and 1677(9)(A), and 28 U.S.C. § 2631(k)(1).

4.      Plaintiff is also a U.S. manufacturer of chassis and member of the Coalition of American Chassis Manufacturers ("Coalition" or "Petitioner"), the association of U.S. chassis producers that petitioned for the AD/CVD orders at issue in the *Final Scope Ruling* and plaintiff is a Petitioner and an "interested party" within the meaning of 19 U.S.C. §§ 1516a(f)(3) and 1677(9)(C), and 28 U.S.C. § 2631(k)(1).

5.      Plaintiff participated in the administrative proceeding that is the subject of this challenge, and accordingly, has standing to commence this action pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

## TIMELINESS OF ACTION

6.      Plaintiff commenced this action by filing a Summons on February 6, 2024. The *Final Scope Ruling* was issued and mailed (via Federal Express) on January 10, 2024. The Summons was therefore timely filed pursuant to Section 516A(a)(2)(A)(ii) of the Act, 19 U.S.C. § 1516a(a)(2)(A)(ii), and pursuant to Rules 3(a)(2) and 6(a) of the Rules of the

United States Court of International Trade ("USCIT"). Section 516A(a)(2)(A)(ii) of the Act requires that, in actions challenging Commerce's determinations described in Section 516A(a)(2)(B)(vi), the Summons must be filed within thirty (30) days of the date of mailing of the contested determination, and the Complaint must be filed within thirty (30) days thereafter. 19 U.S.C. § 1516a(a)(2)(A). Thus, plaintiff's Summons and Complaint are timely filed pursuant to 19 U.S.C. § 1516a(a)(2)(A) and USCIT Rules 3(a)(2) and 6(a).

## PROCEDURAL HISTORY AND ADMINISTRATIVE PROCEEDINGS

7. **The Original AD/CVD Investigations and Scope Order:** Pitts is a worker-owned U.S. manufacturer of chassis and petitioned for the AD/CVD orders at issue as a member of the Coalition. *See Certain Chassis and Subassemblies Thereof From the People's Republic of China: Antidumping Duty Order*, 86 Fed. Reg. 36093 (Dep't of Com. Jul. 8, 2021) and *Certain Chassis and Subassemblies Thereof From the People's Republic of China: Countervailing Duty Order and Amended Final Affirmative Countervailing Duty Determination*, 88 Fed. Reg. 24844 (Dep't of Com. May 10, 2021) (referred to herein collectively as "*Orders*").

8. Chassis are skeletal rectangular framed semi-trailers used to transport shipping cargo containers and are manufactured from steel raw materials used to make chassis frames and parts, and with numerous components outside of the chassis frame which are themselves parts, and including components produced by third parties and not the manufacturers of chassis.

9. While predominately a U.S. manufacturer of chassis, Pitts obtained additional chassis manufactured in Vietnam, a non-subject source country, to respond to the need to strengthen the U.S. logistics chain. Pitts sought chassis from an integrated Vietnamese producer prior to the filing of the AD/CVD petitions with Commerce and the U.S. International Trade

3

Commission ("ITC"). *See Chassis and Subassemblies from China*, USITC Pub. 5187, Inv. No. 701-TA-657 at II-12 and II-15 (May 2021) (Final) ("ITC Final").

10. Pitts filed the AD/CVD petitions to combat what was determined by Commerce to be illegal and unfair dumping and subsidies from China of both Chinese chassis merchandise, and of subassemblies of chassis produced in China before being shipped to the United States to assemble into chassis. The subject Chinese subassemblies, including the running gear assemblies or axle assemblies, of which an individual axle component is one of numerous components, were exported to the U.S. as completed subassemblies ready for assembly-only or "bolt-on" operations to assemble a chassis. *See* ITC Final at 20, I-13–I-14, I-21, II-2.

11. Pitts, as Petitioner, thus proposed the scope language, set by Commerce in the *Orders*, to specifically cover chassis and subassemblies thereof imported in the United States, *i.e.*, the product type, from China, *i.e.*, the subject country, and not any country, and to not cover individual Chinese components alone which are parts used in the integrated production of chassis.

12. The Coalition as Petitioner confirmed in the original AD/CVD investigations that the scope does not cover Chinese-origin components used to manufacture chassis alone when entered separately from in-scope Chinese chassis and subassemblies. *See* Letter from Wiley Rein LLP to Sec'y of Commerce re: Response to Supplemental Questions on General Issues Volume I of the Petition at 3 (Aug. 7, 2020). The scope covers Chinese components only when entered with or for further assembly with a finished or unfinished subject, *i.e.*, Chinese origin, chassis. Non-subject Chinese-origin components do not render non-subject country chassis covered merchandise under the *Orders*.

13.    In the original AD/CVD investigations Commerce agreed and amended the scope to confirm individual Chinese components are not covered. The investigation is not on parts. Commerce amended the scope definition and provided:

> {A}dditional language should be added to clarify that individual components that enter separately are not covered by the scope of these investigations. Therefore, we are adding the following language to the scope: 'Individual components, entered and sold by themselves are not subject to the investigation, but components entered with or for further assembly with a finished or unfinished chassis must be subject merchandise. A finished chassis is ultimately comprised of several different types of subassemblies. Within each subassembly there are numerous components that comprise a given subassembly.'

See Memorandum from Mary Kolberg, Int'l Trade Compliance Analyst, Off. I, AD/CVD Operations, to James Maeder, Deputy Assistant Secretary for AD/CVD Operations, Subject: Certain Chassis and Subassemblies Thereof from the People's Republic of China: Scope Comments Preliminary Decision Memorandum at 11 (Feb. 9, 2021) ("*Investigation Preliminary Scope Memorandum*") unchanged in Memorandum from Mary Kolberg, Int'l Trade Compliance Analyst, Off. I, AD/CVD Operations, to James Maeder, Deputy Assistant Secretary for AD/CVD Operations, Subject: Antidumping Duty and Countervailing Duty Investigations of Certain Chassis and Subassemblies Thereof from the People's Republic of China: Scope Comments Decision Memorandum for the Final Determinations (Mar. 15, 2021) ("*Investigation Final Scope Memorandum*"). See also *Orders* at 36094 (AD) and 24845 (CVD).

14.    In the original AD/CVD investigations Commerce also explicitly defined subject Chinese subassemblies by four types, each containing a combination of "numerous" components and not a single, individual, component. Subject subassemblies are defined as: (1) chassis frames, or sections of chassis frames; (2) running gear assemblies or axle assemblies for connection to the chassis frame; (3) landing gear assemblies, for connection to the chassis frame, capable of supporting the chassis; and (4) connection assemblies to the chassis frame. *See Orders*

at 36094 (AD) and 24845 (CVD) respectively. "Within each subassembly there are numerous components that comprise a given subassembly." *Id*. An axle component is one of numerous components of a running gear or axle assembly, and a landing gear leg is one of numerous components of a landing gear assembly. *Id*. The subassembly scope definition distinguished non-scope Chinese "components" as separate articles from covered "subassemblies" that are made of combinations of "components". *Id.; see also Investigation Final Scope Memorandum* at 4-5.

15.     Moreover, in the original AD/CVD investigations Commerce confirmed that third country processing "scope language stipulates that {it is} Chinese finished and unfinished chassis that have been processed or assembled in a third country {that} remain in scope" and not Chinese components alone. *Investigation Preliminary Scope Memorandum* at 15. The product in the scope language is from China and not countries other than China.

16.     With this understanding, as a Petitioner member of the Coalition, Pitts imported the chassis from Vietnam manufactured in Vietnam with raw materials and individual component parts, including the Vietnamese chassis manufacturer self-produced parts, non-Chinese components, and Chinese components entered in Vietnam in separate, independent shipments.

17.     ***The Pitts Scope Inquiry On Chassis from Vietnam With Integrated Individual Chinese Axle Components and Landing Gear Leg Components:*** Within a year of issuance of the *Orders*, a U.S. subsidiary of one of China's largest state-owned enterprises, found to have engaged in dumping and recipients of Chinese subsidies in the original AD/CVD investigations, CIMC Intermodal Equipment LLC, dba CIE Manufacturing ("CIMC"), filed an Enforce and Protect Act ("EAPA") allegation with U.S. Customs and Border Protection ("CBP") against Pitts.

CIMC alleged the individual Chinese axle and landing gear leg components integrated in Pitts' finished Vietnam chassis imports were, by themselves, components covered by the *Orders*.

18.  The Pitts' finished chassis are manufactured in Vietnam, and not China, and given the settled scope definition excluding individual Chinese components Pitts went to Commerce to request the scope clarification.

19.  The Coalition as Petitioner submitted comments in support of the Pitts scope clarification request and which rebutted the CIMC, the alleger in the EAPA investigation, faulty scope interpretation and pre-scope inquiry initiation comments filed with Commerce. *See* Letter from Appleton Luff to Sec'y Commerce re: Pitts Enterprises, Inc. dba Dorsey Intermodal Scope Clarification Request for Finished Non-Scope Country Chassis with China-Origin Axle and Landing Gear Leg Components (Feb. 13, 2023), Attachment III ("*Pitts Scope Ruling Application*").

20.  In response to the Pitts initial scope clarification request Commerce informed Pitts of two items pertaining to the axle and landing gear leg component descriptions for which Commerce requested additional information to commence the inquiry. Pitts responded and resubmitted its request for scope clarification with answers to the Department questions; responses establishing the axle component is one of numerous component parts of a running gear or axle assembly, and that a landing gear leg component is one of numerous component parts of a landing gear assembly, and that the individual components are, thus, distinct from subassemblies themselves comprised of numerous components. Pitts also provided Commerce with original AD/CVD investigation sources supporting the scope interpretation, including the description of the merchandise included in the petition, as clarified by Petitioner during the investigations. *See Pitts Scope Ruling Application*.

21. On March 15, 2023, Commerce initiated the Pitts scope inquiry and invited comment by interested parties. *See* Memorandum from Byeong-hun You, Int'l Trade Compliance Analyst, Off. I, AD/CVD Operations, to The File, Subject: Scope Inquiry of Chassis and Subassemblies from the People's Republic of China: Initiation of Scope Inquiry (Mar. 15, 2023).

22. Directly following the initiation, on March 23, 2023, Commerce issued two supplemental questions to Pitts on components used in production in Vietnam of the chassis and by extension, requested information from the Vietnamese integrated chassis manufacturer, Truong Hai Auto Corporation Special Vehicles Manufacturing Limited Company (THACO). On April 6, 2023, Pitts submitted its response to Commerce's questions detailing where and how components are used in the chassis. Pitts confirmed that THACO did not purchase sections of chassis frames or subassemblies that were later used in the production of Pitts' chassis, and documented the THACO purchase of individual components as spares. *See* Appleton Luff Letter to Sec'y Commerce re: Pitts Scope Inquiry: Supplemental Questionnaire Response (Apr. 6, 2023).

23. Commerce then issued a second supplemental questionnaire to Pitts on component sourcing by THACO of running gear or axle assembly components and landing gear assembly components. On July 14, 2023, Pitts responded to Commerce's second supplemental questionnaire and again, confirmed that THACO is an integrated chassis producer with a production process which results in fabrication of chassis subassemblies from components and parts and then the fabricated subassemblies are installed with the other subassemblies of the chassis to construct the finished chassis. It is not an assembly-only or "bolt-on" operation for which the *Orders* were in place to cover. In its response, Pitts provided THACO component Vietnam entry documents, including commercial invoices, with packing lists, bills of lading, and

Vietnam customs clearances. These import traces demonstrated how the component parts are individually shipped and entered by THACO and entered without a covered Chinese finished or unfinished chassis (subassembly). *See* Letter from Appleton Luff to Sec'y Commerce re: Second Supplemental Questionnaire Response (July 14, 2023)( "*Pitts SQR2 Response*").

24. Throughout the scope proceeding Pitts also responded to CIMC scope comments and provided Commerce with prior Commerce determinations on third country processing, including substantial transformation factors. *See, e.g.*, Letter from Appleton Luff to Sec'y Commerce re: Comments in Response to CIMC Intermodal Equipment LLC, dba CIE Manufacturing Comments on Pitts Enterprises, Inc.'s Supplemental Questionnaire Response (Apr. 24, 2023). Pitts also provided Commerce with the CBP on-site verification report of THACO, conducted by CBP in the EAPA proceeding, wherein CBP detailed the THACO production process and demonstrated a transformation of individual components and parts, including the Chinese axle and landing gear leg components, to a finished chassis in Vietnam. *Id*.

25. The Coalition as Petitioner submitted comments to Commerce in support of the Pitts scope ruling and provided the scope order does not cover Chinese-origin components alone. *See* Letter from Wiley Rein LLP to Sec'y Commerce re: Comments on Pitts Scope Ruling Application (Apr. 14, 2023).

26. On September 15, 2023, Commerce issued an affirmative preliminary scope ruling. *See* Memorandum from Dusten Hom, Int'l Trade Compliance Analyst, Off. I, AD/CVD Operations to Scot Fullerton, Associate Deputy Assistant Secretary for AD/CVD Operations, re: Chassis and Subassemblies from the People's Republic of China: Preliminary Scope Ruling on Pitts Enterprises, Inc. dba Dorsey Intermodal's Axle and Landing Gear Components (Sept. 15, 2023)("*Preliminary Scope Ruling*"); *see also* CBP Message Number 3265402 (Sept. 22, 2023)

(preliminary scope ruling); CBP Message Number 3292404 (Oct. 19, 2023) (preliminary scope ruling correction).

27. In the *Preliminary Scope Ruling* Commerce concluded the finished chassis from Vietnam imported in the United States are subject to the *Orders*, and thus did not issue the determination on the separate, independent axle and landing gear leg components, the product for which Pitts requested the scope clarification. *See Preliminary Scope Ruling*.

28. Commerce preliminarily determined the *Orders* cover the entire finished chassis from Vietnam, *i.e.*, the Vietnamese chassis in their entirety. As the basis for its affirmative preliminary ruling, Commerce acknowledged the separate, independent shipments of Chinese components in Vietnam, including the individual axle and landing gear leg components of the finished Vietnamese chassis, but concluded the separate, independent components are unassembled chassis subassemblies and covered unfinished chassis. *See id*.

29. The *Preliminary Scope Ruling* was the first notice the Department provided that separate, independent shipments of Chinese components alone are considered by the Department to be subject merchandise and first notice the Chinese components, in turn, render the non-subject country Vietnam chassis subject merchandise.

30. Consequently, and in accord with Department regulations, 19 C.F.R. § 351.225(l)(2)(iii)(B), Pitts on September 29, 2023, submitted a request establishing it was appropriate for Commerce to provide for an alternative date upon which to begin any retroactive AD/CVD, starting the date of notice, in the event the Department continued to find the merchandise subject in the final scope ruling. *See* Letter from Appleton Luff to Sec'y Commerce re: Request for Adoption of An Alternative Date for the Suspension of Liquidation (Sept. 29, 2023).

31. On October 2, 2022, Pitts, the Coalition as Petitioner, and THACO each responded in opposition to the Department *Preliminary Scope Ruling*. The Coalition as Petitioner made clear that: (1) the individual components from China shipped to Vietnam are not subject unassembled assemblies/unfinished chassis; and (2) the finished chassis being imported from Vietnam are not Chinese-origin covered by the *Orders*. *See* Letter from Wiley Rein LLP to Sec'y of Commerce re: Letter in Lieu of Case Brief (Oct. 2, 2023). See also Letter from Appleton Luff to Sec'y Commerce re: Pitts Case Brief and Hearing Request (Oct. 2, 2023) ("*Pitts Case Brief*") and Letter from Squire Patton Boggs to Sec'y of Commerce re: THACO Case Brief (Oct. 2, 2023). On October 10, 2023, CIMC submitted a rebuttal brief. *See* Letter from White & Case to Sec'y Commerce re: CIE's Rebuttal Brief to Pitts, THACO and Petitioner Case Briefs (Oct. 10, 2023).

32. Pitts requested a hearing before the Department. *See Pitts Case Brief*.

33. On December 7, 2023, Commerce held a public hearing via videoconference (Microsoft Teams), attended by interested parties. Together with Pitts, the Coalition as Petitioner reiterated that Commerce amended the scope in the original AD/CVD investigations to specifically clarify that separately entered subassembly components are not covered by the scope, and in the final scope ruling the Department should act consistently with the original investigation scope interpretation and Petitioner's clear intent. *See* In the Matter Of: the Scope Inquiry of Certain Chassis and Subassemblies Thereof from the People's Republic of China, Hearing Transcript at 34-35 (Dec. 7, 2023).

34. On January 10, 2024, Commerce issued a final scope ruling. *See Final Scope Ruling*. The Department acknowledged the Chinese axle and landing gear legs are individual components of the finished Vietnamese chassis, and that THACO imported all Chinese

11

components in separate, independent shipments in Vietnam to combine with other parts and components to manufacture the Vietnamese chassis. Despite the finished Vietnamese chassis were the product that entered the United States, and despite the express scope language excluding individual Chinese components, Commerce found the finished chassis from Vietnam were covered by the *Orders* because separate, independent shipments of Chinese components are a subject Chinese unassembled subassembly/unfinished chassis. This, the Department concluded based on plain scope language, rendered the finished chassis from Vietnam in their entirety subject to the *Orders* and AD/CVD requirements.

> {W}e find the plain language of the scope of the *Orders* to be dispositive with respect to whether Pitts' finished chassis from Vietnam containing Chinese-origin axle components and landing gear leg components are covered by the *Orders*….
>
> {The} finished chassis manufactured using Chinese components constituting multiple unassembled subassemblies are covered by the scope, which provides that 'components entered with or for further assembly with a finished or unfinished chassis are subject merchandise' and that importation of any unassembled subassemblies constitutes an unfinished chassis.

*Final Scope Ruling* at 6-7.

35. Commerce determined the retroactive application of the ruling was appropriate and instructed CBP. *See Final Scope Ruling; see also* CBP Message Number 4019401 (Jan. 19, 2024) (final scope ruling).

## STATEMENT OF THE CLAIMS

### COUNT I

36. Paragraphs 1 through 35 are adopted and incorporated by reference.

37. The Department regulation, 19 C.F.R. § 351.255(k)(1), consistent with well-established legal precedent, requires Commerce in scope rulings consider the language of the scope including the description of merchandise expressly not included within the scope. The

12

scope defines subassemblies (unfinished chassis) specifically as four assemblies, assembled or unassembled, with "numerous components … compris{ing} a given subassembly." *Id*.

38. Recognizing that a chassis comprises the enumerated subassemblies in the scope order, with each subassembly containing numerous individual components, the *Orders* explicitly provide that Chinese "{i}ndividual components entered and sold by themselves are not subject to the order, but components entered with or for further assembly with a finished or unfinished {Chinese} chassis are subject merchandise." *Id*.

39. In the scope proceeding, plaintiff demonstrated that separate, independent shipments of Chinese components were imported in Vietnam without subject Chinese finished or unfinished chassis (subassembly). *See Pitts SQR2 Response*.

40. Commerce determined that the unassembled subassembly/unfinished chassis, are defined as separate, independent shipments of Chinese components and the Chinese components render the chassis manufactured in Vietnam subject to the *Orders*. *Final Scope Ruling* at 7. This interpretation is neither supported by substantial evidence nor in accordance with law. The Commerce interpretation is contrary to the Department regulation, 19 C.F.R. § 351.225(k), and well-established legal precedent on Department scope rulings. As addressed above, the *Orders* do not define Chinese unassembled chassis subassemblies (unfinished chassis) as separate, independent shipments of individual Chinese components. The *Orders* make no mention of separate, independent component shipments constituting unassembled chassis subassemblies/unfinished chassis and the scope order expressly excludes individual Chinese components entered and sold by themselves. "Scope orders may be interpreted as including subject merchandise only if they contain language that specifically includes the subject merchandise…." *Duferco Steel, Inc. v. United States*, 296 F.3d 1087, 1089 (Fed. Cir. 2002).

Commerce "cannot 'interpret' an antidumping order so as to change the scope of that order, nor can Commerce interpret an order in a manner contrary to its terms." *See id. at* 1095. This failure to consider fully and adhere to the scope language is contrary to law, and this determination is further unsupported by substantial evidence.

## **COUNT II**

41. Paragraphs 1 through 40 are adopted and incorporated by reference.

42. Commerce failed to consider the criteria set forth in 19 C.F.R. § 351.225(k)(1)(i), deeming such consideration "unnecessary."

43. There was robust discussion throughout the original AD/CVD investigations that Chinese components alone are not included in the scope. The express exclusion of individual components was confirmed by the Petitioner in filings during the original AD/CVD investigations, as well as in the underlying scope proceeding, and Commerce issued scope determinations and amended the scope in the original AD/CVD investigations to confirm individual Chinese component are not subject merchandise.

44. Commerce's review of the scope language is inseparable from consideration of the 19 C.F.R. § 351.225 (k)(1) sources. Neither Commerce's regulations nor case law allows Commerce to disregard relevant (k)(1)(i) sources in interpreting the scope language. *See, e.g., Meridian Prods. v. United States*, 890 F.3d 1272, 1277 (Fed. Cir. 2018); *see also Regulations to Improve Administration and Enforcement of Antidumping and Countervailing Duty Law*, 86 Fed. Reg. 52300, 52323 (Dep't of Com. Sept. 20, 2021)(preamble). This failure to analyze the sources as set forth in 19 C.F.R. § 351.225(k)(1)(i), including stated Petitioner intent, is contrary to law, and this determination is further unsupported by substantial evidence.

**COUNT III**

45. Paragraphs 1 through 44 are adopted and incorporated by reference.

46. The scope of the *Orders* clearly and explicitly is defined by two aspects: (1) physical characteristics, the "chassis and subassemblies thereof, whether finished or unfinished, whether assembled or unassembled"; and (2) the subject country, China. *See Orders* at 36094 (AD) and 24845 (CVD). The scope does not apply the *Orders* to chassis or subassemblies from countries other than China. By the title of the *Orders*, the scope is limited to chassis and subassemblies thereof from China. The scope language of the *Orders* does not make any reference to including chassis and subassemblies from countries other than China.

47. Commerce determined the finished chassis imports from Vietnam, a country other than China, are subject to the *Orders* and failed to interpret the scope language of the *Orders* and improperly expanded the scope of the *Orders*. Insofar as Commerce expanded the scope of the *Orders* under 19 C.F.R. § 351.225 Commerce acted contrary to law. A scope inquiry as provided under 19 C.F.R. § 351.225 is to clarify whether a particular item is subject merchandise and Commerce cannot expand the order. In the case involving the importation of individual components from China in Vietnam to manufacture the Vietnamese finished chassis, Congress intended Commerce to apply the statutory circumvention criteria in 19 U.S.C. 1677j(b) for completion or assembly in a third country, and which requires Commerce notify the ITC. *See also* 19 C.F.R. § 351.226 and 19 U.S.C. § 1677j(e). Commerce's failure to adhere to the prescribed criteria is contrary to law. Moreover, Commerce's determination is unsupported by substantial evidence.

## COUNT IV

48. Paragraphs 1 through 47 are adopted and incorporated by reference.

49. Commerce determined to include plaintiff's Vietnam chassis in the scope *Orders*. Commerce's final scope ruling unlawfully expands the scope to include merchandise that was not part of the ITC's final injury determination. "A fundamental requirement of both U.S. and international law is that an antidumping duty order must be supported by an ITC determination of material injury covering the merchandise in question." *Wheatland Tube Co. v. United States*, 973 F.Supp. 149, 158 (Ct. Int'l Trade 1997)(citing 19 U.S.C. § 1673), *aff'd*, 161 F.3d 1365 (Fed. Cir. 1998).

## COUNT V

50. Paragraphs 1 through 49 are adopted and incorporated by reference.

51. Commerce determined that raw materials, parts, and components sourced domestically in Vietnam, imported from non-subject countries, with components sourced from China and combined in Vietnam to produce finished chassis and that are exported from Vietnam to the United States are subject to the *Orders*. Insofar as Commerce determined the finished chassis from Vietnam are subject to the *Orders* Commerce failed to address a substantial transformation analysis in its *Final Scope Ruling*. 19 C.F.R. § 351.225(j). Commerce's *Final Scope Ruling* is inconsistent and directly conflicts with its established practice and determinations that subject merchandise can undergo a transformation in a non-subject country.

52. Accordingly, Commerce's scope determination is not based on substantial evidence and is otherwise not in accordance with law.

## COUNT VI

53. Paragraphs 1 through 52 are adopted and incorporated by reference.

54. The Department determination and issuance of instructions directing CBP to expand the reach of the *Orders* to continue to suspend liquidation and to suspend liquidation for AD/CVD to be enforced retroactively on all unliquidated entries not previously covered by the *Orders* without following the procedures as outlined by Commerce's own regulations under 19 C.F.R. § 351.226 and established legal precedent is contrary to law. *See* CBP Message Number 3265402 (Sept. 22, 2023) (preliminary scope ruling); CBP Message Number 3292404 (Oct. 19, 2023) (preliminary scope ruling correction); CBP Message Number 4019401 (Jan. 19, 2024) (final scope ruling). Moreover, insofar as the Department determination and instructions directing CBP to continue to suspend liquidation and to suspend liquidation for AD/CVD to be enforced retroactively on all unliquidated entries is without adequate notice, the failure to consider an alternative suspension date fully as outlined in 19 C.F.R. § 351.225(l)(2)(iii)(B) is contrary to law and further unsupported by substantial evidence.

## COUNT VII

55. Paragraphs 1 through 54 are adopted and incorporated by reference.

56. Commerce determined that the *Orders* apply to the Vietnamese chassis in their entirety. Commerce concedes the Vietnamese chassis contain non-subject merchandise. Insofar as the *Orders* apply to subject merchandise from China, the Department decision and instructions to CBP to apply the AD/CVD to merchandise produced outside of China and never imported into China is contrary to law and further unsupported by substantial evidence.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests that this Court:

(1) Hold that the *Final Scope Ruling* is not supported by substantial evidence

and is otherwise not in accordance with law;

  (2) Remand this matter to Commerce for disposition consistent with the final opinion and order of the Court; and

  (3) Provide such further relief as this Court deems just and proper.

            Respectfully submitted,

            /s/ Emily Lawson
            Emily Lawson
            Edmund W. Sim
            Kelly Slater
            APPLETON LUFF
            1700 Seventh Avenue
            Suite 2100
            Seattle, WA 98101
            (206) 357-8522
            **
            1025 Connecticut Avenue, NW
            Suite 1000
            Washington, DC 20036
            (301) 649-2149

            *Counsel to Pitts Enterprises, Inc.*
            *dba Dorsey Intermodal*

Dated: March 6, 2024