A-570-135; C-570-136
Remand
Slip Op. 26-121
**Public Document**
E&C/OI: JV

***Pitts Enterprises, Inc. dba Dorsey Intermodal v. United States*,**
**Court No. 24-00030; Slip Op. 26-121 (CIT October 7, 2026)**
**Certain Chassis and Subassemblies Thereof from the People's Republic of China**

# FINAL RESULTS OF REDETERMINATION PURSUANT TO COURT REMAND

## I. SUMMARY

The U.S. Department of Commerce (Commerce) prepared these final results of redetermination pursuant to the remand opinion of the U.S. Court of International Trade (the Court) in *Pitts Enterprises, Inc. dba Dorsey Intermodal v. United States*, Consol. Court No. 24-00030, Slip Op. 26-121 (October 7, 2026) (*Second Remand Order*).[1] These final results of redetermination concern Commerce's Final Scope Ruling[2] that certain axle and landing gear components imported by Pitts Enterprises, Inc. dba Dorsey Intermodal's (Pitts) were within the scope of the antidumping and countervailing duty orders on certain chassis and subassemblies thereof (chassis) from the People's Republic of China (China)[3] and the subsequent *First Remand Redetermination*,[4] which continued to find that the axle and landing gear components imported by Pitts were subject to the *Orders*.[5]

---

[1] *See Pitts Enterprises, Inc. dba Dorsey Intermodal v. United States*, Court No. 24-00020, Slip Op. 26-121 (CIT October 7, 2026) (*Second Remand Order*).
[2] *See* Memorandum, "Final Scope Ruling on Pitts Enterprises, Inc. dba Dorsey Intermodal's Axle and Landing Gear Components," dated January 10, 2024 (Final Scope Ruling).
[3] *See Certain Chassis and Subassemblies Thereof from the People's Republic of China: Antidumping Duty Order,* 86 FR 36093 (July 8, 2021); *see also Certain Chassis and Subassemblies Thereof from the People's Republic of China: Countervailing Duty Order and Amended Final Affirmative Countervailing Duty Determination*, 86 FR 24844 (May 10, 2021) (collectively, *Orders*).
[4] *See Final Results of Redetermination Pursuant to Court Remand, Pitts Enterprises, Inc. dba Dorsey Intermodal v. United States*, Court No. 24-00030; Slip Op. 25-133, dated February 10, 2026 (*First Remand Redetermination*) available at https://access.trade.gov/FinalRemandRedetermination.
[5] *See generally First Remand Redetermination*.

In the *Second Remand Order*, the Court held that the plain language of the *Orders* does not provide for "unfinished subassemblies."[6] The Court also held that the welding and fabrication performed in the Socialist Republic of Vietnam (Vietnam) on the Chinese-origin components removed those components from the scope of the *Orders*, because such operations are not encompassed by the phrase "any other processing."[7] Consistent with the *Second Remand Order* and the Court's specific direction regarding these two issues, Commerce reconsidered its prior findings and determines that the Chinese-origin running gear and landing gear subassemblies contained in the finished chassis imported by Pitts from Vietnam are outside the scope of the *Orders*.

## II. SCOPE OF THE *ORDERS*

The merchandise covered by the *Orders* consists of chassis and subassemblies thereof, whether finished or unfinished, whether assembled or unassembled, whether coated or uncoated, regardless of the number of axles, for carriage of containers, or other payloads (including self-supporting payloads) for road, marine roll-on/roll-off (RORO) and/or rail transport. Chassis are typically, but are not limited to, rectangular framed trailers with a suspension and axle system, wheels and tires, brakes, a lighting and electrical system, a coupling for towing behind a truck tractor, and a locking system or systems to secure the shipping container or containers to the chassis using twistlocks, slide pins or similar attachment devices to engage the corner fittings on the container or other payload.

[6] *See Second Remand Order* at 18.
[7] *Id.*

Subject merchandise includes, but is not limited to, the following subassemblies:

- Chassis frames, or sections of chassis frames, including kingpin assemblies, bolsters consisting of transverse beams with locking or support mechanisms, goosenecks, drop assemblies, extension mechanisms and/or rear impact guards;
- Running gear assemblies or axle assemblies for connection to the chassis frame, whether fixed in nature or capable of sliding fore and aft or lifting up and lowering down, which may or may not include suspension(s) (mechanical or pneumatic), wheel end components, slack adjusters, axles, brake chambers, locking pins, and tires and wheels;
- Landing gear assemblies, for connection to the chassis frame, capable of supporting the chassis when it is not engaged to a tractor; and
- Assemblies that connect to the chassis frame or a section of the chassis frame, such as, but not limited to, pintle hooks or B-trains (which include a fifth wheel), which are capable of connecting a chassis to a converter dolly or another chassis.

Importation of any of these subassemblies, whether assembled or unassembled, constitutes an unfinished chassis for purposes of these *Orders*.

Subject merchandise also includes chassis, whether finished or unfinished, entered with or for further assembly with components such as, but not limited to: hub and drum assemblies, brake assemblies (either drum or disc), axles, brake chambers, suspensions and suspension components, wheel end components, landing gear legs, spoke or disc wheels, tires, brake control systems, electrical harnesses and lighting systems.

Processing of finished and unfinished chassis and components such as trimming, cutting, grinding, notching, punching, drilling, painting, coating, staining, finishing, assembly, or any other processing either in the country of manufacture of the in-scope product or in a third country

does not remove the product from the scope. Inclusion of other components not identified as comprising the finished or unfinished chassis does not remove the product from the scope.

Individual components entered and sold by themselves are not subject to the *Orders*, but components entered with or for further assembly with a finished or unfinished chassis are subject merchandise. A finished chassis is ultimately comprised of several different types of subassemblies. Within each subassembly there are numerous components that comprise a given subassembly.

This scope excludes dry van trailers, refrigerated van trailers and flatbed trailers. Dry van trailers are trailers with a wholly enclosed cargo space comprised of fixed sides, nose, floor and roof, with articulated panels (doors) across the rear and occasionally at selected places on the sides, with the cargo space being permanently incorporated in the trailer itself. Refrigerated van trailers are trailers with a wholly enclosed cargo space comprised of fixed sides, nose, floor and roof, with articulated panels (doors) across the rear and occasionally at selected places on the sides, with the cargo space being permanently incorporated in the trailer and being insulated, possessing specific thermal properties intended for use with self-contained refrigeration systems. Flatbed (or platform) trailers consist of load-carrying main frames and a solid, flat or stepped loading deck or floor permanently incorporated with and supported by frame rails and cross members.

The finished and unfinished chassis subject to these *Orders* are typically classified in the Harmonized Tariff Schedule of the United States (HTSUS) at subheadings: 8716.39.0090 and 8716.90.5060. Imports of finished and unfinished chassis may also enter under HTSUS

subheading 8716.90.5010. While the HTSUS subheadings are provided for convenience and customs purposes, the written description of the merchandise under order is dispositive.[8]

## III. BACKGROUND

On January 10, 2024, Commerce issued the Final Scope Ruling, finding that finished chassis produced in Vietnam by Truong Hai Auto Corporation Special Vehicles Manufacturing Limited Company (THACO) and containing Chinese-origin axle and landing gear components, imported by Pitts, were within the scope of the *Orders*.[9] Pitts challenged the Final Scope Ruling before the Court.

On October 8, 2025, the Court remanded the Final Scope Ruling in the *First Remand Order*, directing Commerce to adopt the plain meaning of "entered" as "entered into the United States," resolve ambiguities regarding when components are subject merchandise, and reconsider the imposition of duties on the entire value of the imported chassis.[10] In the *First Remand Redetermination*, Commerce further considered the sources identified by 19 CFR 351.225(k)(1) and determined that the Chinese-origin running gear and landing gear subassemblies were within the scope as "unfinished subassemblies" and that the welding and fabrication performed by THACO in Vietnam did not remove them from the scope under the "any other processing" language.[11] Further, Commerce adopted the plain meaning of "entered" as considered by the Court and found that only the Chinese-origin subassemblies were subject to the *Orders* as opposed to the entire value of the chassis.[12]

---

[8] *See Orders*.
[9] *See* Final Scope Ruling.
[10] *See Pitts Enterprises, Inc. dba Dorsey Intermodal v. United States*, Court No. 24-00030, Slip Op. 25-133 (CIT October 8, 2025) (*First Remand Order*).
[11] *See First Remand Redetermination* at 23-28.
[12] *Id*. at 17-22 and 29-32.

## IV. REMAND OPINION AND ORDER

On October 7, 2026, the Court remanded the *First Remand Redetermination* in the *Second Remand Order*.[13] The Court held that the scope language does not cover "unfinished subassemblies" because the term "unfinished" modifies "chassis" and not "subassemblies."[14] The Court further held that, even if the language provided for unfinished subassemblies, the welding and fabrication performed in Vietnam removed the components from the scope, as those operations are not the type of "any other processing" contemplated by the *Orders*.[15] The Court directed Commerce to further explain or reconsider consistent with these holdings.[16] Commerce has addressed each of the holdings in the *Second Remand Order*, as set forth below. Specifically, we find that, given the Court's directions regarding unfinished assemblies and "any other processing," there are not grounds to find Pitts' axle and landing gear components to be subassemblies as considered by the scope of the *Orders*, and, consequently, we find that such components are not subject to the *Orders*.

## V. ANALYSIS

Consistent with the *Second Remand Order*, Commerce determines that the Chinese-origin running gear and landing gear subassemblies contained in the finished chassis imported by Pitts from Vietnam are outside the scope of the *Orders*. Specifically, Commerce finds that the plain language of the *Orders* does not provide for "unfinished subassemblies" because "unfinished" modifies "chassis" and not "subassemblies." Rather, the Chinese-origin components are for non-subject Vietnamese chassis.[17] Accordingly, the Chinese-origin

[13] *See Second Remand Order*.
[14] *Id*. 12-13 and 18.
[15] *Id*. at 13-18.
[16] *Id*. at 18.
[17] *See* Pitts' Letter, "Clarification Request for Finished Non-Scope Country Chassis with China Origin Axle Components and Landing Gear Leg Components," dated February 13, 2023, at 1 and 6-7.

components that were assembled and finished by various processes into running gear and landing gear subassemblies in Vietnam do not fall within the scope of the *Orders*. Commerce further finds, consistent with the *Second Remand Order*, that the welding and fabrication performed by THACO in Vietnam on the Chinese-origin components would remove those components from the scope of the *Orders* even if they could be considered subassemblies. Therefore, we find further manufacturing performed in Vietnam removed the Chinese-origin running gear and landing gear components from the scope.

## VI. INTERESTED PARTY COMMENTS

On November 3, 2026, we released our Draft Results to interested parties.[18] On November 10, 2026, we received comments from Pitts.[19]

### Comment 1: Commerce's Determination that the Chinese-Origin Components Are Outside the Scope of the *Orders*

*Pitts' Comments:*

The following is a verbatim summary of arguments submitted by Pitts. For further details, *see* Pitts' Draft Remand Comments at 2-4.

> Pitts supports the {Draft Results}, which complies with the {*Second Remand Order*} and correctly determines that the Chinese-origin components integrated into Pitts' finished Vietnamese chassis are not in-scope and not subject to the antidumping and countervailing duty {*Orders*} on chassis and subassemblies thereof from China. {Commerce} correctly finds the {scope of the *Orders*} does not provide for "unfinished subassemblies", and that THACO's welding and fabrication in Vietnam remove any subassembly from the scope. These findings are supported by substantial evidence and are in accordance with law. Pitts requests adoption without change and, upon court affirmance, prompt publication of the amended negative scope determination and issuance of U.S. Customs and Border Protection instructions lifting suspension of the entries and directing liquidation without antidumping and countervailing duties.

No other interested party commented on this issue.

---

[18] *See* Draft Results of Redetermination Pursuant to Court Remand, *Pitts Enterprises, Inc. dba Dorsey Intermodal v. United States*, Court No. 24-00030; Slip Op. 26-121 (October 7, 2026), dated November 3, 2026 (Draft Results).
[19] *See* Pitts' Letter, "Comments on Draft Results of Redetermination Pursuant to Court Remand," dated November 10, 2026 (Pitts' Draft Remand Comments).

**Commerce's Position:** Given that Pitts requests that we adopt our Draft Results without change and that we received no other comments, we made no changes for these final results of redetermination. As such, we continue to find that the Chinese-origin running gear and landing gear components contained in the finished chassis imported by Pitts from Vietnam are outside the scope of the *Orders*.

## VII. FINAL RESULTS OF REDETERMINATION

Consistent with the Court's *Second Remand Order*, we reconsidered our findings regarding the Chinese-origin axle and landing gear components contained in finished chassis imported by Pitts, and we find that the components are outside the scope of the *Orders*. Should the Court affirm these results of redetermination, Commerce intends to publish a notice of amended scope determination in the *Federal Register* and issue appropriate instructions to U.S. Customs and Border Protection consistent with this determination.

11/19/2026

X 

Signed by: KASEY O'CONNOR

Kasey O'Connor
Deputy General Counsel,
performing the non-exclusive functions and duties
of the Assistant Secretary for Enforcement and Compliance